■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY THOMAS, Appellant.—Judgment, Supreme Court, New York County (George F. Roberts, J., at arraignment and pretrial proceedings; Herbert Altman, J., at jury trial and sentence), rendered July 5, 1988, convicting defendant of criminal sale of a controlled substance in the third degree, and which sentenced him to an indeterminate term of imprisonment of from 4½ to 9 years, is unanimously affirmed.

Prior to the closing arguments, the trial court, with the agreement of counsel, dismissed the second count of the indictment for criminal possession of a controlled substance in the third degree to avoid possible repugnant verdicts.

On appeal, the defendant argues that while the dismissal was not error, the court committed error by not striking or instructing the jury to disregard the evidence, with respect to the dismissed count, that his codefendant possessed three additional vials of crack upon her arrest. This contention is meritless.

Since the issue was never raised in the trial court, it has not been preserved as a matter of law for review by this court. (CPL 470.05; *People v Karabinas,* 63 NY2d 871.) In any event, on the merits, the court was clear when it told the jury that the issue in the case is whether the People have established "that the defendant acted in concert with Joan McFadden in selling cocaine to Detective Gerard DiMuro."

Nor does it appear that the prosecutor's summation contained any prejudicial comments. The Trial Assistant's argument to the jury to accept the prosecution's witnesses' statements over those of the defendant was well within the boundaries of proper adversarial comment. *(People v Bailey,* 58 NY2d 272.)* The defendant's attack on the prosecution's char-

acterization of the defendant as a liar is factually unsupportable. The prosecutor merely commented that the undercover officer involved in this case was a credible witness because he had much less of an interest in the outcome of these proceedings than did the defendant, who testified on his own behalf.

We have examined the remainder of the defendant's contentions and find them to be unpersuasive. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.